BARBARA DAMCHUK, PLAINTIFF-RESPONDENT, v. PUBLIC
SERVICE RAILWAY COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October 15, 1926—Decided February 14, 1927.

**Negligence—Collision Between Motor Car and Trolley Car—Ver-
dict For Passenger in Motor Car, Not For Driver—Question
of Evidence Regarding Sobriety of Driver and of Passenger
of Motor Car—Evidence Bearing Upon This Ground Excluded
—Held, Error—The Defendant was Entitled to Cumulative
Evidence on This Branch of the Case.**

On appeal from a judgment of the District Court of the
Second Judicial District of Essex county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Joseph Coult.*

For the respondent, *Anthony A. Calandra.*

PER CURIAM.

This is an appeal by the Public Service Railway Company,
the defendant below, from a judgment entered against it in
the District Court of the Second Judicial District of Essex
county. Two suits were instituted against the Public Service
Railway Company to recover damages arising from a collision
between an automobile and a trolley car which occurred on
Market street, in the city of Newark. The owner of the auto-
mobile, Stanley Sternick, instituted one. The plaintiff, Bar-
bara Damchuk, a passenger in Sternick's automobile, insti-
tuted the other. She obtained the judgment now appealed
from. The court, in the Sternick case, decided that Sternick
and the Public Service Railway Company were both negligent
and gave judgment for the public service company. In the
present case the sole ground of appeal is that the court ex-
cluded testimony bearing on the condition, as to whether

drunk or sober, of Sternick and Barbara Damchuk. This evidence was admissible. *Searles* v. *Public Service Railway Co.,* 126 *Atl. Rep.* 465; *Castner* v. *Sliker,* 33 *N. J. L.* 95. The error in the rejection of the testimony by the trial court appears to be admitted by the respondent, but the respondent claims that a witness by the name of Herman Crawsawski testified on this subject. He said, "Why, yes. I smelt liquor from the three occupants of that automobile." It is claimed that this cured the error. In our opinion this did not cure the error. This witness did not testify as to the drunkenness or sobriety of Sternick and the respondent, but as to whether he smelled liquor upon them. They may have smelled of liquor and not have been drunk. Moreover, the defendant was entitled to cumulative evidence on this branch of the case.

This error makes necessary a reversal of the judgment obtained by the plaintiff below and the remission of the case for retrial.