KENNETH MALADOWITZ, AN INFANT BY HIS GUARDIAN *AD LITEM*, WALTER MALADOWITZ AND WALTER MALADOWITZ, INDIVIDUALLY, BARBARA LAEZZA, AN INFANT BY HER GUARDIAN *AD LITEM*, JOSEPH LAEZZA AND JOSEPH LAEZZA, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. JIM B. COLEY, DEFENDANT-APPELLANT.

Argued February 8, 1966—Decided April 11, 1966.

*Mr. John T. Mooney* argued the cause for appellant (*Messrs. Hein, Smith & Mooney,* attorneys).

*Mr. David Cohn* argued the cause for respondents (*Mr. Daniel Crystal,* on the brief).

The opinion of the court was delivered

PER CURIAM. ██ This case comes to us as of right because of a dissent in the Appellate Division. *R. R.* 1:2–1(b). The action is one for negligence, arising out of a collision

between defendant's automobile and a bicycle upon which the infant plaintiffs were riding. The jury found for plaintiffs, and the Appellate Division affirmed. The opinions filed in the Appellate Division are not reported.

The dissenting opinion found the verdict was against the weight of the evidence. Upon that issue, we are not inclined to differ with the view of the majority opinion. As to the other issues, we see no need to comment except as to defendant's complaint concerning the introduction at trial of a claim that he had an odor of liquor about him.

No such claim was stated in the pretrial order. A reference to liquor with respect to a driver is relevant only if it is asserted that it affected his ability to drive. It is an element of negligence, *i. e.*, an allegation that he operated the car while his ability was impaired, and as such it should have been stated with the specific charges in the pretrial order. The purpose of the pretrial is to reveal to each party what he must prepare to meet at the trial itself. Plaintiffs were plainly under an obligation to reveal that claim at the pretrial, and it is no excuse to say that defendant should have been alerted by interrogatories which inquired as to consumption of liquor within a period of some hours before the occurrence. Nonetheless we cannot, on that account, upset the judgment. Although defendant objected to plaintiffs' reference in his opening that "there was an odor of intoxication about him, that, perhaps affected his driving ability," defendant did not move for a mistrial or press an objection to the testimony notwithstanding the trial court indicated it would deal with the matter when the evidence was offered. Rather defendant undertook to meet that added claim, although without success. In these circumstances, we think the judgments should not be disturbed.

The judgments are affirmed, but without costs.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO.—6.

*For reversal*—None.