654 P.2d 1389

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Charles Patrick TISDALE, Defendant-Appellant.**

**No. 13797.**

Court of Appeals of Idaho.

Dec. 7, 1982.

Jon J. Shindurling, May, May, Sudweeks, Shindurling & Stubbs, Twin Falls, for defendant-appellant.

David H. Leroy, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Recently we urged district judges in criminal cases "to identify on the record the

particular reasons for their sentencing decisions." *State v. Gonzales,* 103 Idaho 54, 56, 644 P.2d 376, 378 (Ct.App.1982). Today we are asked to decide whether a sentence of imprisonment for a felony should be vacated because the district judge gave no reason for his sentencing decision. We hold that it should, and we remand the case for resentencing.

Upon a plea of guilty, Charles Patrick Tisdale was convicted of voluntary manslaughter. The offense occurred when Tisdale, who had quarreled with his wife in a Twin Falls bar, found her in an automobile with another man. Tisdale confronted the man and shot him. After initially charging second degree murder, then first degree murder, the prosecutor ultimately reduced the charge to voluntary manslaughter and obtained Tisdale's plea of guilty. A presentence report disclosed both mitigating and aggravating information concerning the offense and Tisdale's background. Tisdale requested probation and adduced evidence in support of his request during a sentencing hearing. At the conclusion of the hearing, the district judge sentenced Tisdale to an indeterminate term, not exceeding ten years, in custody of the Board of Correction. The judge did not state at that time, nor did he enter of record at any other time, the reasons for his decision.

On appeal, Tisdale contends that the court erred by failing to state reasons for the sentence, and that the sentence was excessive. These contentions, taken together, frame the dispositive question in this appeal—whether we should undertake to review a sentence for excessiveness when no reasons for the sentence have been stated of record. Our standards for appellate review of sentences are set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). In that case we said that if a sentence is within the statutory maximum, it will not be deemed excessive unless the appellant shows that, under any reasonable view of the facts, the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution.

Our philosophy in *Toohill* was that a term of confinement should be tailored to the purposes for which the sentence is imposed. We recognized that "[s]uch determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

The standards enunciated in *Toohill* depend, for their proper application, upon a reasoned statement by the sentencing judge of his view on the case. Our role as an appellate court is to see that sentencing discretion is soundly exercised in accord with applicable criteria. However, where—as in the present case—the court below gives no reason for a sentence, we cannot ascertain whether a term of confinement has been tailored to the purposes for which the court imposed the sentence. Neither can we determine whether the *Toohill* criteria have been duly considered in fixing the length of the sentence. Finally, where probation is an issue in the case, failure to state the reasons for a sentence leaves the appellate court to speculate whether the legislative criteria established in I.C. § 19–2521 have been followed.

In short, when a district judge communicates only the length of the sentence, we have nothing to review but the result. We do not know how the result was reached. In such a case, we could draw impressions from a cold record, form our view under applicable criteria, and set aside the district court's result if it differed from our own. But this would be tantamount to the exercise of appellate sentencing discretion. It would not represent review of sentencing discretion exercised in the district court. We decline to distort the appellate function in this way.

■ In the present case, we have only the result—a ten-year, indeterminate sentence. The sentence is within the statutory maximum for voluntary manslaughter. I.C. § 18–4007. But we are not informed of

the reasons why the district judge eschewed probation for confinement, nor how he determined the length of the sentence. Accordingly, we hold that the sentence must be vacated, and the case remanded for re-sentencing. The district judge shall indicate of record his reasons for the sentence then imposed. If that sentence is also appealed, the procedures available under I.A.R. 44 may be employed to expedite a final determination in the case.

The future implications of our holding are limited. We do not suggest that a sentence unsupported by a statement of reasons is invalid. We simply hold that meaningful appellate review requires such a statement in the record. Moreover, this case—like the *Gonzales* and *Toohill* cases which preceded it—is an appeal from a sentence imposed for commission of a felony. Our holding does not extend to sentences for misdemeanors. The high volume of misdemeanor sentences, and the relatively low incidence of appellate review of such sentences, make it inappropriate to require statements of reasons, on the record, in every such case. For purposes noted in *Gonzales,* trial judges are encouraged—but not required—to give reasons in misdemeanor cases when, and to the extent, it is feasible to do so.

Finally, we must determine whether our holding will apply retroactively or prospectively. This determination is guided by three criteria: (a) reliance upon the prior rule of law, (b) the purpose of our new holding, and (c) its effect upon the administration of justice. *Gay v. County Commissioners of Bonneville County,* 103 Idaho 626, 651 P.2d 560 (Ct.App.1982). Until now, our district judges have been entitled to rely upon prior Idaho case law which did not clearly require sentences to be supported by reasons stated of record. The purpose of the new requirement will be served adequately by prospective application. Conversely, the administration of justice would be adversely affected if final sentences, or sentences appealed on grounds other than lack of stated reasons, were disturbed by retroactive application of our holding. We conclude that our holding should apply only to future appeals and to appeals now pending in which a district judge's failure to state any reason for a sentence has been specified as an issue.

The sentence imposed in this case is vacated. The case is remanded for resentencing in conformity with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.