657 P.2d 1094

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Roger K. MOORE, Defendant-Appellant.**

**No. 14479.**

Court of Appeals of Idaho.

Jan. 21, 1983.

Gaylen L. Box, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Roger K. Moore appeals an indeterminate sentence of fifteen years which was imposed following his plea of guilty to a charge of rape. He was also sentenced to a concurrent indeterminate term of five years for committing an infamous crime against nature. He contends on appeal that the fifteen year sentence is excessive, representing an abuse of discretion by the sentencing judge. We affirm the sentence.

On August 29, 1980, Moore and another man abducted a young woman in Pocatello, Idaho, and took her to a deserted area where each raped her. Moore also forced the victim to perform fellatio on him. A

short time later, the two men released the victim but took her car. Both men were arrested a short time later while driving the victim's car.

At the time of the incident Moore was seventeen years, eleven months of age. Jurisdiction under the Youth Rehabilitation Act was waived and Moore was bound over to the district court for trial as an adult. In a plea bargain agreement approved by the court, Moore pled guilty to rape and to committing an infamous crime against nature; charges of first degree kidnapping, and two counts of grand larceny, were dismissed.

Moore now argues that a lesser sentence would have been consistent with criteria set forth in I.C. § 19–2521. However, if a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a clear abuse of discretion. In *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), we further defined the "clear abuse" standard to require a showing that under any reasonable view of the facts, the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *See also State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982). However, where reasonable minds might differ as to the reasonableness of the sentence, we will defer to the discretionary authority vested in Idaho's trial courts. *Id.*

At the sentencing hearing in this case, the district judge on the record summarized the crime involved, the defendant's apparent lack of remorse, the deterrent effect on others, and the need for punishment. The court referred to the criteria set out in *State v. Standlee,* 96 Idaho 165, 525 P.2d 360 (1974), which are substantially similar to the criteria stated in I.C. § 19–2521, and rejected probation as an appropriate alternative.

The appropriate measure of confinement to be used in review of an indeterminate sentence is the time until the first eligibility for parole. *State v. Toohill, supra.* For purposes of the case before us, five years is the appropriate term. I.C. § 20–223. We have examined the views expressed by the district court and find them reasonable. We hold that five years' incarceration is not excessive to accomplish the primary objective of protecting society and the secondary goals of deterrence and punishment (retribution) mentioned by the district judge in this case.

We would prefer to see the sentencing court's reasoning elaborated and applied to the facts of a case to a greater degree than was done here, in regard to the length of sentence selected. *See State v. Gonzales,* reported as *State v. Salinas,* 103 Idaho 54, 644 P.2d 376 (Ct.App.1982). However, the record before us is adequate for review. We conclude that no abuse of discretion by the trial court, in ordering a fifteen-year indeterminate sentence for Moore, has been established. The sentence is affirmed.