673 P.2d 441

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jose Gonsales MARTINES, aka: Jose G. Martinez, Defendant-Appellant.**

No. 14836.

Court of Appeals of Idaho.

Dec. 8, 1983.

Michael E. Powers, Twin Falls, for defendant-appellant.

Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Jose Martines appeals from an indeterminate thirty-year sentence in the custody of the State Board of Correction, imposed following his plea of guilty to rape. Martines argues that the district court abused its discretion by imposing an excessive sentence. We modify the sentence to twenty-five years, indeterminate.

■ We first note the familiar standard for appellate review of a sentence. It is well settled that the primary responsibility for sentencing rests with the trial court, and that its exercise of discretion in that regard will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982). A sentence fixed within the limits prescribed by statute ordinarily will not be considered an abuse of discretion by the trial court. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). In this case the maximum punishment prescribed for rape is life (I.C. § 18–6104) so the thirty-year sentence was within the statutory limit. Nevertheless, in exercising sentencing discretion reasonableness is a fundamental requirement, and, where the reasonableness of a sentence is questioned on appeal, we are required to examine the circumstances of each case to determine whether the punishment imposed is excessive. *State v. Shideler, supra.*

■ We view the "reasonableness" of a sentence as implying that a term of confinement should be tailored to the purposes for which the sentence is imposed. In *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), we held:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Under I.C. § 20–223, Martines would serve a term of at least ten years, before being released from confinement (on parole). The question then is whether, under any reasonable view of the facts, a term of ten years would exceed the period of confinement necessary to protect society, and to accomplish deterrence, rehabilitation or retribution. *State v. Toohill, supra.*

In this respect, our scope of review requires an independent examination of the record, "having regard to the nature of the offense, the character of the offender and

the protection of the public interest." *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). *See also* ABA Standards Relating to Appellate Review of Sentences § 3.2(i) (1974).

Martines pled guilty to raping an elderly woman in her home at about 5:00 a.m. one morning. The record indicates that Martines was under the influence of alcohol and marijuana when he committed the crime. According to the presentence report, Martines is a native and citizen of Mexico. He was orphaned at an early age and has only a third grade education. He entered the United States, apparently illegally, in May, 1982. He moved to Idaho in July, 1982 and committed the rape with which we are concerned in August, 1982. The presentence report states that Martines cannot read, write or speak English. At the time he was sentenced, he was 24 years old and, through an interpreter, he expressed remorse for the commission of the crime. The presentence report showed that Martines admitted a prior conviction in Mexico for being drunk and disorderly, for which he said he had been fined. The record shows no other prior convictions of any kind.

When the court imposed the thirty-year sentence in this case, the judge stated to Martines, through the interpreter:

THE COURT: Okay. Inform Mr. Martinez that the nature of this crime under our law demands a heavy penalty.

The Court knows several people from Mexico and I feel that the Mexican race is a very fine race. I feel that to give Mr. Martinez a lighter sentence in this case would be implying that a less stringent moral standard should be set on the Mexican people and therefore would be an insult to the Mexican people.

I feel that it is my sad duty at this time to enter a sentence of 30 years in the Idaho State Penitentiary.

The Court will make note of the fact that this term is indefinite. If he qualifies for parole he will be eligible for parole or earlier than that, but he may have to serve all 30 years.

This 30 years is similar to a life sentence in the fact that in both sentences there will be no eligibility for parole until ten years has been served.

Only other thing I can do is wish Mr. Martinez luck and hope that it is not too difficult for him in the penitentiary, but that out of consideration for the victim and other elderly people I cannot give any less of a sentence in this case.

You will be remanded to the custody of the Twin Falls County Sheriff for transportation to the Idaho State Penitentiary. The Court will be in recess.

In best light, the court's comments could be interpreted as relating to the protection of society. They also may be construed as intending to accomplish the related goal of punishment or retribution. No specific mention was made by the judge of the utility of the sentence for rehabilitation, nor that such a long sentence was required to deter either this defendant or other persons from committing similar crimes. The court's comments tend to indicate that the court was punishing Martines for the crime category. Our Supreme Court has directed that the trial court must sentence the individual criminal, not the crime category; and that the process must, therefore, be an individualized consideration of all the facts and circumstances surrounding the offense. *See State v. Allen,* 98 Idaho 782, 783, 572 P.2d 885, 886 (1977).

A term of thirty years would in fact protect society from Martines and serve as a punishment to him. We fully recognize the seriousness of the offense and we agree that it merits a heavy penalty. But the question is whether a thirty-year sentence is necessary to achieve the sentencing goals invoked by the district judge. This appears to be Martines' first felony. He has not been shown to be a hardened criminal. He should not be viewed in the same light as a person whose character for crime has become fixed. *State v. Owen,* 73 Idaho 394, 402, 253 P.2d 203, 207 (1953), *overruled on other grounds, State v. Shepherd,* 94 Idaho 227, 228, 486 P.2d 82, 83 (1971).

Martines' sentence is severe when compared to sentences recently upheld in other rape cases. In *State v. Moore,* 104 Idaho 226, 657 P.2d 1094 (Ct.App.1983), we affirmed an indeterminate sentence of fifteen years. In *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App.1983) we upheld a sentence of thirty years indeterminate for the rape of a sixteen-year-old, at gunpoint, by a defendant who had recently been released on probation. In *State v. Hoisington,* 105 Idaho 660, 671 P.2d 1362 (Ct.App. 1983), where an invalid fixed term of eight years had been replaced with an indeterminate sentence of twenty years for rape, we affirmed the twenty-year sentence. Hoisington had been twice convicted of rape and this was one of the two sentences imposed for those crimes. *See State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983).

Of course, sentencing disparity does not, of itself, show an abuse of sentencing discretion. *Holmes v. State, supra.* Moreover, by affirming the sentences in other cases we did not express a view as to their adequacy; we only held that they were not excessive. Nevertheless, when a sentence is unusually severe, it should be based upon a judge's finding of unusually strong reasons. Here the trial court limited his statement of reasons to the generalized need to protect society from rape and to the age of the victim.

In our view, an indeterminate sentence of twenty-five years will provide for a sufficient term of confinement to meet the concerns expressed by the district judge. Moreover, a twenty-five-year sentence will give the state parole commission more flexibility in handling this case under I.C. § 20–223 if Martines shows genuine indications of rehabilitation. In all events, section 20–223 will require psychological or psychiatric evaluation of Martines before he is considered for parole. Accordingly, the term of imprisonment is modified from thirty years to twenty-five years. As modified, the sentence of imprisonment is affirmed. The case is remanded for entry of a revised judgment, or a supplemental order, containing this modification.