206 N.J. Super. 540 (1985)
503 A.2d 340
ANDREW J. GUSTAVSON AND JOANN MARIE GUSTAVSON, PLAINTIFFS-APPELLEES,
v.
ANDREW C. GAYNOR AND SANDRA R. GAYNOR, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1985.
Decided December 16, 1985.
*542 Before Judges BRODY and GAYNOR.
John R. Leith argued the cause for appellants (Mattson, Madden & Polito, attorneys; John R. Leith on the briefs).
Mark A. Infante argued the cause for appellees.
PER CURIAM.
This appeal raises the issue of the relevancy of a driver's consumption of alcoholic beverage several hours prior to an accident in the absence of proof that his driving ability had thereby been affected. While there have been allusions to the inadmissibility of such evidence, our appellate courts have not as yet squarely dealt with the issue.
At approximately 1:30 a.m. on June 26, 1982 plaintiff, Andrew J. Gustavson, was proceeding in his automobile in a northerly direction on Pleasant Valley Way, West Orange, and defendant, Andrew C. Gaynor, was driving his vehicle in a southerly direction on that street. As the cars attempted to pass each other, they collided, with the point of impact being the left front fenders of both vehicles. Each driver claimed that the other had veered into the opposite lane thereby causing *543 the collision. The investigating officer's testimony regarding the physical evidence observed by him at the scene, while tending to support defendant's version, was not without some qualification as to the trustworthiness of that evidence. However, he unequivocally indicated that his observations of both drivers led him to conclude that the accident was not in any way causally related to the consumption of alcoholic beverages.
Some five to six hours before the accident, defendant had met with several of his friends in a park and consumed two or three bottles of beer. Subsequently, and shortly before the accident, he had stopped at a nightclub to visit a friend who was playing in the band. However, he denied drinking any alcoholic beverages while at the club, or at any other time during the course of the evening after leaving the park, and there was no evidence to the contrary. Prior to defendant's testimony, an application was made to the trial court to bar any reference to the consumption of alcoholic beverages by defendant. It was argued that such evidence was not relevant, but if so, it should be excluded under Evid. R. 4 as its probative value was substantially outweighed by the potential for undue prejudice created by its admission. While ruling that he would not allow any suggestion that defendant was drunk or couldn't drive because of having had a couple of beers, the trial judge nevertheless denied the application, considering that such evidence, although not admissible to show negligent operation of the car, was relevant as it pertained to the prior activities of a party to an automobile accident and provided a continuity in the narrative leading to the point of the actual collision. In accord with this ruling, and over the continued objection of defendants' counsel, plaintiffs' attorney was permitted to pursue extended cross-examination concerning the consumption of beer in the park and defendant's admission to a club where liquor was served despite his being only 17 years of age at the time, and to highlight this testimony in the summation. This emphasis upon defendant's prior conduct appears to have been an attempt to suggest that drinking had affected his driving ability. The allowance of *544 such testimony together with the summation comments conceivably permitted the jury to consider that defendant was under the influence of alcohol at the time of the accident and that this condition caused him to veer into plaintiff's lane. Both drivers were found negligent and the jury apportioned the negligence 55% to defendant and 45% to plaintiff.
Whether the asserted relevance of such evidence is founded upon narrative completeness or negligent operation of the vehicle, we are satisfied the admission of the challenged testimony constituted reversible error. Thus, a new trial is required.
Clearly, evidence of intoxication is relevant to the issue of negligent driving. Maladowitz v. Coley, 47 N.J. 55 (1966); Roether v. Pearson, 36 N.J. Super. 465 (App.Div. 1955); see also Damchug v. Public Serv. R. Co., 5 N.J. Misc. 365, 136 A. 604 (Sup.Ct. 1927). While Maladowitz only dealt with the admissibility of evidence bearing upon an issue not set forth in the pretrial order, in the course of the court's opinion it stated that "[a] reference to liquor with respect to a driver is relevant only if it is asserted that it affected his ability to drive." 47 N.J. at 57. The Roether court, in upholding a verdict for the defendant despite his admitted guilty plea to a criminal charge of drunk driving arising out of the accident involving the plaintiff, considered that "[t]he fact that a driver of an automobile has been drinking and gives physical appearance of being under the influence of liquor and even pleads guilty to a charge of drunken driving is all proper evidence of negligence to be submitted to the jury." 36 N.J. Super. at 467. The corollary argument flowing from these pronouncements, as advanced by defendant, is that unless there is proof of intoxication the prior consumption of alcoholic beverages by a driver has no relevancy to the claimed negligent operation of the vehicle.
In those jurisdictions which have considered this question the rule followed is that evidence of prior drinking is admissible as being relevant to the issue of the driver's fitness only when there is some supplementary evidence from which the trier of *545 the fact may reasonably conclude that the drinking affected the safe operation of the vehicle. Rovegno v. Geppert Bros., Inc., 677 F.2d 327 (3 Cir.1982); Cameron v. Boone, 62 Wash.2d 420, 383 P.2d 277 (Sup.Ct. 1963); Fortin v. Hike, 205 Neb. 344, 287 N.W.2d 681 (Sup.Ct. 1980); Maland v. Tesdall, 232 Iowa 959, 5 N.W.2d 327 (Sup.Ct. 1942); Boehm v. St. Louis Pub. Serv. Co., 368 S.W.2d 361 (Sup.Ct.Mo. 1963); Billow v. Farmers Trust Co., 438 Pa. 514, 266 A.2d 92 (Sup.Ct. 1976). Ballard v. Jones, 21 Ill. App.3d 496, 316 N.E.2d 281 (App.Ct., 1st 1974). See also 11 Blashfield, Automobile Law and Practice, (3 ed. 1968), § 427.3 at 514-525. The required supportive evidence includes conduct such as excessive drinking, driving at an excessive speed, recklessness or erratic driving, drunken behavior at the accident scene, or similar acts suggestive of an unfitness to drive. Rovegno v. Geppert Bros., Inc., supra, at 330-331.
The mere fact that a driver had consumed some alcoholic beverages is by itself insufficient to warrant an inference that the driver was intoxicated and that the intoxication was of such a degree as to render him unfit to drive at the time of the accident. The admission of such testimony without supporting evidence is unduly prejudicial in view of its capacity to inflame the jury. As stated in Ballard v. Jones, supra.
... drinking, standing alone, cannot be equated with intoxication, nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated [citation omitted]. Accordingly, questions cannot be asked which intimate to the jury that a party was intoxicated at the time of the accident unless there is supporting evidence [citation omitted]; in the absence of supporting evidence, testimony concerning the drinking of intoxicants should be striken [citation omitted], and under certain circumstances, may constitute reversible error notwithstanding a sustained objection. [citation omitted; 316 N.E.2d at 286].
The application of this general rule to the instant case compels the conclusion that, under the factual pattern presented, the testimony concerning Gaynor's prior drinking was improperly admitted as permitting an inference of negligence. There was substantial proof that neither driver was under the influence of alcohol at the time of the accident. Further, there was an absence of any supplementary evidence of Gaynor's unfitness *546 to drive which would have justified the admission of Gaynor's prior consumption of beer and permitted an inference of intoxication. Certainly, the veering of two or three feet out of one's lane while driving on a curving road at night is not so erratic as to suggest that the driver was probably intoxicated. In Rose v. Brozman's Tavern, 102 Ill. App.3d 1087, 430 N.E.2d 282 (App.Ct., 2d 1981), it was concluded that the driver's consumption of four or five drinks over four hours before the accident and his failure to negotiate an "S" curve were not sufficient to support submission of the issue of his intoxication to the jury, as the accident could just as easily be attributed to a sober miscalculation with regard to speed or braking. And, in Rovegno v. Geppert Bros., Inc., supra, the swerving into another lane of traffic was not considered to be such reckless driving as to constitute the necessary supplementary evidence warranting the admission of the driver's blood alcohol content.
While there can be no rigid standard for categorizing the various maneuvers which might be classified as erratic operation of a motor vehicle in order to qualify as the necessary supplementary evidence, the controlling consideration is whether "the evidence and offers of proof present a picture of unfitness to drive sufficiently clear that the probative value of the evidence of drinking or intoxication outweighs its potential for unfair prejudice." Id. at 331. We are satisfied that no such picture was presented in this case by the evidence pertaining to Gaynor's driving and his prior consumption of alcoholic beverages.
We also are convinced that the admission of the challenged testimony was not justified as providing a more complete narrative of defendant's activities leading up to the time of the accident. In our view, the evidence of prior drinking was so potentially prejudicial that it clearly outweighed any possible probative value of a continuity of the narrative of Gaynor's conduct during the hours prior to the accident, and accordingly should have been excluded. Evid.R. 4. While an effective *547 presentation of the incident to the jury might have required testimony concerning the prior activities of the parties, this objective could have been attained by general rather than specific references to those activities. Thus, the testimony could have been limited to Gaynor's being at a park with some friends and subsequently meeting another friend who played in a band. In this manner, the inflammatory potential of the fact of drinking or his illegal presence in an establishment where liquor was served would have been eliminated while the narrative continuity was preserved. Clearly, the value of the testimony for the purpose of providing a narrative was "so significantly outweighed by [its] inherently inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation" of the basic issue in the case. State v. Thompson, 59 N.J. 396, 421 (1971).
Our conclusion that the admission of testimony concerning defendant's prior activities related to the consumption of alcoholic beverages constitutes reversible error renders it unnecessary to consider the other point advanced on this appeal.
The judgment dated December 6, 1984 is reversed and the matter is remanded to the Superior Court, Law Division, Essex County, for a new trial on all issues.