788 P.2d 187

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary John CATES, Defendant–Appellant.**

**No. 17080.**

Supreme Court of Idaho.

Jan. 15, 1990.

## ORDER DENYING PETITION FOR REVIEW

The Appellant pro se having filed a PETITION FOR REVIEW on November 2, 1989, and a supporting BRIEF on November 14, 1989, of the Court's Opinion issued October 26, 1989, 785 P.2d 654; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by Bistline, J., be, and hereby is, RELEASED.

BISTLINE, Justice, On Denial of Petition for Review.

It now appears that the Court on occasion will defer to the Court of Appeals notwithstanding the fact that the three judges of that court are in disagreement concerning an issue of law which this Court has not decided. This practice does not comport with reason or common sense, to say nothing of the fact that there is *no* precedent for such deference in any jurisdiction, excepting Idaho, and that precedent's parentage remains somewhat in doubt. *State v. Prestwich,* 116 Idaho 959, 783 P.2d 298 (1989) (Bistline, J. specially concurring).[1] *See also* 20 Am.Jur.2d *Courts* § 201 (1965). In at least one jurisdiction, a dissent by one member of an intermediate appellate court makes review by the Supreme Court of that state automatic. *Maladowitz v. Coley,* 47 N.J. 55, 219 A.2d 177 (1966).

In *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983) this Court, differently constituted, took exceptional pains to let it be known that *it,* being the court of last resort in Idaho, is the Court which establishes legal precedent for the state and, hence, the Court which should be addressing new questions of law.[2] Further, it is *this* Court to which the Court of Appeals, district courts, and the members of the bar and of the public should be able to look for guidance and definitive decisions. Otherwise, neither the members of the Court of Appeals nor any other participants in the judicial system can be certain about the effect of our decisions or theirs. The resulting confusion violates one of the central purposes of our three-tier legal system, namely that of settling questions of law so that the trial bar and trial bench are able to proceed accordingly.

The defendant in this case was convicted of aggravated battery as being a lesser included offense of the charge of rape. He contends that aggravated battery is not such a lesser included offense, and that this is not an issue which we have previously had the opportunity to consider. In addition, Judge Swanstrom has written a persuasively reasoned dissent which questions whether the evidence and the jury instructions supported a conviction of aggravated battery or only a conviction of aggravated assault. Both are issues which merit the attention of a state's court of last resort.

1. The "Johnson Rule" announced in *Hays v. State,* 115 Idaho 315, 766 P.2d 785 (1988), which purports to accord binding precedential value to a Court of Appeals decision whenever this Court specifically denies review of that decision, was questioned by both Chief Justice Bakes and Justice Boyle in their special concurrences in *Prestwich,* as well as by my own special concurrence in that case. "Questioning," however, does not equate with disavowing, and hence cannot but leave the trial courts in a quandary.

2. In *State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982), the Court of Appeals ruled that the district courts were obliged to state in writing their reasons for the imposition of any given sentence imposed on a defendant following a guilty plea or conviction. In *Osborn,* the Supreme Court went out of its way to overrule the *Tisdale* holding, even though the issue raised in *Tisdale* was not really germane to the resolution of the *Osborn* case. The *Osborn* Court, in overruling *Tisdale,* made it clear that even in an area of the law such as sentence review, in which the Court of Appeals is the appellate court which sees the majority of cases, the Supreme Court and its decisions govern.