252 N.J. Super. 361 (1991)
599 A.2d 956
KATHLEEN GUZZI, PLAINTIFF,
v.
RICHARD L. CLARKE AND LINDA J. COMANDINI, DEFENDANTS. KATHLEEN GRANDER, PLAINTIFF,
v.
KATHLEEN GUZZI, RICHARD L. CLARKE AND LINDA J. COMANDINI, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
July 10, 1991.
*363 James A. Shafranski for plaintiff Guzzi (Lutz, Shafranski, Gorman & Mahoney, attorneys).
Heidi Willis Currier for defendants Clarke and Comandini (Connell, Foley & Geiser, attorneys).
ARNOLD, P.J.Cv.
There are two novel issues raised in this lawsuit. First, whether expert testimony is admissible to prove that a person's driving ability was impaired because of the combined effect of drinking alcoholic beverages and taking prescription drugs despite the absence of "supplementary evidence" of intoxication as that term is defined in Gustavson v. Gaynor, 206 N.J. Super. 540, 503 A.2d 340 (App.Div. 1985). Second, whether the deposition testimony of a person who had been a party to this lawsuit but who settled prior to trial is admissible even though that person is available as a witness. This opinion is intended to supplement this court's oral decision rendered at trial. Briefly, the material facts in this lawsuit are as follows.
At 10 p.m. on New Year's Eve 1988 on Highway 22 in Bridgewater Township, Robert Clarke drove his car into a stalled car driven by Kathleen Guzzi. Guzzi testified at trial *364 that her car stalled as she drove onto Route 22 and that, while attempting to restart the car, she could see in her rear view mirror the approaching headlights of the car that struck her. Officer Damino of the Bridgewater Township Police Department, who investigated the accident, testified that Clarke's car left 60 feet of skid marks and that the driver of a car approaching the stalled car had a 550-foot clear line of vision. In deposition testimony, Clarke stated that he did not see the stalled car until he was 100 feet from it although there was light traffic.
For several years prior to the accident, Clarke had been taking Norpramin, a tricyclic antidepressant, and Vistaril, an antihistaminergic anxiolytic, each of which was prescribed by his physician. These medicines were taken by Clarke twice a day every day including the day of the accident. In addition, at his deposition, Clarke testified that, on the evening of the accident, he had consumed a small quantity of alcoholic beverages.
Plaintiff offered the testimony of John Brick, Ph.D., a biologist/psychologist. Brick was prepared to testify, based upon Clarke's deposition testimony about the amount of alcoholic beverages he had consumed, that Clarke had a .02-.03% blood-alcohol level at the time of the accident. Brick was also prepared to testify that such a blood-alcohol level combined with the Norpramin and Vistaril taken earlier that day impaired Clarke's ability to drive by reducing his ability to attend to various stimuli. This testimony was offered by plaintiff on the issue of Clarke's negligence and to explain why Clarke was unable to observe or properly react to the presence of the stalled car. Defendant objected to this proffered evidence arguing that there was no "supplementary evidence" of intoxication as that term is defined in Gustavson v. Gaynor, supra. In Gustavson, the Appellate Division held that evidence of consumption of alcoholic beverages was inadmissible unless there was "supplementary evidence from which the trier of fact may reasonably conclude that the drinking affected the safe *365 operation of the vehicle." 206 N.J. Super. at 544-545, 503 A.2d 340. Specifically, the opinion of the court stated that "[t]he required supportive evidence includes conduct such as excessive drinking, driving at an excessive speed, recklessness or erratic driving, drunken behavior at the accident scene, or similar acts suggestive of an unfitness to drive." Id. at 545, 503 A.2d 340. Because Officer Damino observed nothing about Clarke at the scene of the accident that suggested that Clarke was intoxicated nor any condition suggesting that Clarke was unfit to drive, defendant argues that Brick's testimony should be excluded.
Preliminarily, it should be noted that defendant does not argue that Brick's testimony is inadmissible under Evid.R. 56. Under that rule expert testimony may be admitted if three criteria are met. Those criteria are:
(1) the intended testimony must concern a subject matter that is beyond the ken of the average juror; (2) the field testified to must be at a state of the art such that an expert's testimony could be sufficiently reliable; and (3) the witness must have sufficient expertise to offer the intended testimony. [State v. Kelly, 97 N.J. 178, 208, 478 A.2d 364 (1984)].
In this case defense counsel conceded that Brick is qualified. He is a biologist/psychologist who has devoted years of study to the combined effect of alcoholic beverages and drugs, including Norpramin and Vistaril, on the ability of the human mind to respond to multiple stimula which is necessary to drive a car. In addition, it appears to be conceded that both the first and second criteria set forth above have been met. However, defendant argues that the proffered evidence is inadmissible under Gustavson.
This court disagrees with the defense argument. The decision in Gustavson simply represents an analysis pursuant to Evid.R. 4 of whether the probative value of evidence of consumption of alcoholic beverages is substantially outweighed by its potential prejudice. This is apparent from the decision's reliance on Rovegno v. Geppert Bros., Inc., 677 F.2d 327 (3 Cir.1982) where the Third Circuit Court of Appeals used such an analysis. By the term "supplementary evidence," the opinion *366 in Gustavson meant evidence increasing the probative value of the evidence of consumption of alcoholic beverages. The opinion did give examples of "supplementary evidence." But there is nothing to support defendant Clarke's argument that those examples  excessive drinking, driving at an excessive speed, recklessness or erratic driving, drunken behavior at the accident scene, or similar acts suggestive of an unfitness to drive  were held to be the only "supplementary evidence" which could be weighed in determining whether the probative value of the proffered evidence was outweighed by its potential prejudice.
In this case, Brick's proffered testimony is highly probative. See Kreis v. Owens, 38 N.J. Super. 148, 152, 118 A.2d 420 (App.Div. 1955). If believed, it explains why Clarke, with a 550-foot clear line of vision, did not react to the presence of the stalled car until he was about 100 feet from it. It also negates the defense argument that Kathleen Guzzi drove onto Highway 22 and suddenly stopped, causing the accident. This court therefore holds that the probative value of Brick's proffered testimony is not outweighed by any potential prejudice and is admissible.
The second issue arises from the following facts. Plaintiff, Kathleen Guzzi, sought to introduce the deposition of Kathleen Grander who was a passenger in Clarke's car at the time of the accident and had been with him earlier that evening. Grander had sued both Clarke and Guzzi and that lawsuit was then consolidated with Guzzi's lawsuit against Clarke. At her deposition, Grander testified that Clarke had more to drink than he admitted in his deposition testimony. After Grander's deposition was taken, but before this trial began, Grander settled with both Clark and Guzzi. Plaintiff's counsel admits that Grander is available as a witness but argues that Grander is a party and that her deposition testimony should be admissible under R. 4:16-1(b) which provides that the deposition of a party is admissible.
*367 This court holds that Grander's deposition testimony is not admissible. The argument advanced by plaintiff's counsel is rejected because the person whose deposition testimony is sought to be admitted as a party must be a party at the time of trial. This holding is based upon the fact that R. 4:16-1(b) is based on the hearsay exception found in Evid.R. 63(7) which recites in relevant part that "[a] statement made by a person who is a party to an action is admissible against him in that action." Thus, Grander's deposition testimony could only be admissible against her in an action. Since she is no longer involved in this action the hearsay exception found in Evid.R. 63(7) is not applicable. Because the hearsay exception which serves as the foundation for R. 4:16-1(b) is not applicable, R. 4:16-1(b) is not applicable. Furthermore, Evid.R. 63(1)(a), relating to admission of prior inconsistent statements by a witness, is not applicable because plaintiff does not intend to call Grander as a witness at trial. Accordingly, Grander's deposition testimony is not admissible.
The remaining issue relates to the charge to the jury regarding defendant's alleged negligence vis-a-vis defendant's alleged impairment as a result of taking Norpramin, Vistaril, and drinking alcoholic beverages. This court concluded that, even if defendant knew that his driving ability would be impaired as a result of taking the medication and drinking, this would only be evidence of negligence and not negligence per se. See Kreis v. Owens, 38 N.J. Super. 148, 118 A.2d 420 (App.Div. 1955) where the decision of the court recited:
We recognize that in a given situation it may indicate lack of due care for a person to drive on a public highway when he is suffering from a disease which he knows, or which a reasonable person should know, makes him subject to fainting or weak spells or seizures of a sort which may imperil his control of the vehicle. [at 154, 118 A.2d 420]
But see Busser v. Sabatasso, 143 So.2d 532 (Fla.Ct.App. 1962) where the court held that if defendant knew that the drugs he was taking may impair his ability it is "negligence to an extreme degree" for him to drive. Id. at 534.
*368 Accordingly, in accordance with the reasonable man objective standard, this court charged the jury as follows:
In support of plaintiff's allegation that the defendant was negligent and that such negligence was a proximate cause of the accident and injuries complained of, the plaintiff has offered evidence that the defendant had been taking Norpramine and Vistaril and had also drunk alcoholic beverages on the evening of the accident and that as a result the defendant's driving ability was impaired. The defendant has denied that he knew that he should not drink alcoholic beverages while taking this medication.
You should consider the taking of these medications and drinking alcoholic beverages in deciding whether the defendant was negligent only if you first find that the plaintiff has proven by a fair preponderance of the credible evidence that the defendant knew, or a reasonable person in defendant's position should have known, that he should not drink alcoholic beverages while taking this medication because it would impair his ability to drive a motor vehicle.
If you find that the plaintiff has failed to prove by a fair preponderance of the credible evidence that the defendant knew or that a reasonable person in the defendant's position should have known, that his driving ability would be impaired by drinking alcoholic beverages while taking this medication then do not consider the drinking and use of medication in deciding whether defendant was negligent.
However, if the plaintiff has proven by a fair preponderance of the credible evidence that the defendant knew, or that a reasonable person in defendant's position should have known that his driving ability would be impaired by drinking alcoholic beverages while taking this medication then you should consider the evidence of drinking and taking medication on the issue of defendant's negligence. You should consider it in two ways:
1. Was the defendant negligent in driving that evening at all and;
2. Whether, in fact, his driving ability was impaired at the time of the accident so that he was unable to drive his car and react to driving conditions in the same way that a reasonably prudent and unimpaired driver under the same or similar circumstances would have been able to do. If he does not exercise that degree of care because he was impaired then he is negligent.