259 N.J. Super. 431 (1991)
614 A.2d 163
ROBERT GERSTENBERG, AS ADMINISTRATOR OF THE ESTATE OF ANNA DALY GERSTENBERG, DECEASED, AND ROBERT GERSTENBERG, INDIVIDUALLY, PLAINTIFFS,
v.
JOHN E. REYNOLDS, JOSEPHINE K. REYNOLDS, RICHARD HALL MENTAL HEALTH CENTER AND BOARD OF FREEHOLDERS OF SOMERSET COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
November 22, 1991.
*434 Bernard J. Czech, Esquire, for plaintiffs.
Richard J. Guss, Esquire, for defendants (Hampson and Millet, attorneys).
ARNOLD, P.J.Cv.
In this wrongful death action, the plaintiff moved for a new trial on two grounds. First, that this court committed reversible error by admitting evidence of prior specific instances of the decedent's conduct, and, second, by admitting opinion evidence of the decedent's mental status at the time of the accident in which she died. Specifically, plaintiff argued that this court should not have admitted evidence of either prior suicide attempts by the decedent or opinion evidence as to her mental status at the time of the accident. This court denied the motion for a new trial, and this opinion is intended to supplement the court's oral opinion. See R. 2:5-6(c).
Briefly, the material facts are as follows. Anna Gerstenberg died on October 21, 1988 when she was struck by a car driven by the defendant, John Reynolds. She was a pedestrian, and the collision occurred in the center of the slow lane of Route 202 in Branchburg Township at 1:30 in the morning. The defendant told the police who investigated the accident, and he testified at his deposition and at trial, that he did not see the person he hit until after the collision occurred. The police investigation uncovered no evidence of alcohol consumption or drug use by the defendant. At the time of the collision, Anna Gerstenberg was wearing dark clothing.
This wrongful death action was commenced by Anna Gerstenberg's husband, Robert Gerstenberg, as administrator of her estate. At trial the defense sought to cross examine him about a prior suicide attempt by Anna Gerstenberg. At an Evidence *435 Rule 8 hearing he testified that he first met his future wife in a coffee shop in Somerville in January, 1988. Mr. Gerstenberg, who is a security guard, was told by the manager of the coffee shop that there was a woman in a booth at the rear of the shop who needed help. When he arrived at the booth he found a woman who had slashed her wrists with a knife. He called the rescue squad. Some months later he married Anna Gerstenberg. In addition, the defense also sought to introduce testimony from a police officer, Sgt. Miller. When Sgt. Miller told Robert Gerstenberg that his wife had been killed by a car while a pedestrian on the highway, Robert Gerstenberg responded that he "was not surprised." Finally, the defense sought to introduce the testimony of Dr. David J. Flicker, a board certified psychiatrist. Dr. Flicker had examined Anna Gerstenberg's hospital records relating to psychiatric treatment provided to her in connection with other suicide attempts. These records dated back to 1980. Dr. Flicker concluded that on the date of the accident Anna Gerstenberg was a "rapid cycling manic depressive." At an Evidence Rule 8 hearing, Dr. Flicker testified that he could not state that Anna Gerstenberg was attempting suicide at the time of the accident, but that it was his opinion that at the time of the accident she was an "acutely sick person from a psychiatric standpoint."
This court permitted such cross-examination of Robert Gerstenberg, and admitted the testimony of Sgt. Miller and Dr. Flicker. Dr. Flicker was permitted to not only testify as to his opinion but also as to Anna Gerstenberg's psychiatric history including suicide attempts as he had relied thereon in reaching his opinion. McCalla v. Harnischfeger Corp., 215 N.J. Super. 160, 172, 521 A.2d 851 (App.Div. 1987) certif. den. 108 N.J. 219, 528 A.2d 36, 37 (1987); Evid.R. 57. A limiting instruction was given when evidence of suicide attempts was admitted. The jury was instructed that such evidence was not admissible to prove that Anna Gerstenberg was attempting to commit suicide as the car approached her. The jury was further instructed to consider such evidence of prior suicide attempts only on the *436 issue of damages. These limiting instructions were repeated in the charge to the jury as follows:
In this case there has been testimony regarding alleged suicide attempts by Anna Gerstenberg. Such specific instances of a persons conduct are not admissible to prove a persons conduct at some future time. So, even if you decide that Anna Gerstenberg did attempt suicide in the past, you may not consider such suicide attempts in deciding whether she was attempting suicide as the car driven by John Reynolds approached her. You may, however, consider any such prior suicide attempts in deciding the future likelihood of Anna Gerstenberg making contributions to her dependents. That is you may consider specific instances of suicide attempts on the issue of money damages.
With respect to the testimony of Dr. Flicker and Sgt. Miller, the jury was instructed as follows:
Now, Dr. Flicker has rendered an expert opinion in this case regarding Anna Gerstenberg. In Addition, Sgt. Miller testified as to a statement allegedly made by Robert Gerstenberg that he was not surprised at her death ... from which defendant asks you to infer that Robert Gerstenberg was of the opinion that she had committed suicide. These opinions both lay and expert are admissible on the issue of whether Anna Gerstenberg was attempting suicide as the Reynold's car approached.
The plaintiff argues that these evidentiary rulings were wrong and constitute reversible error requiring a new trial. This court disagrees for the following reasons. In a wrongful death action, the mental characteristics of the decedent are relevant on the issue of damages, i.e. the likelihood of the decedent making financial contributions to those entitled to recover. Wimberly v. Paterson, 75 N.J. Super. 584, 183 A.2d 691 (App.Div. 1962) certif. den. 38 N.J. 340, 184 A.2d 652 (1962). Because Anna Gerstenberg's mental characteristics were in issue, it is Evid.R. 46 which is applicable in deciding whether to admit evidence of suicide attempts prior to the date of Anna Gerstenberg's death. Evid.R. 46 specifically provides that "evidence of specific instances of the person's conduct" are admissible to prove a trait of a persons character, and this court holds that evidence of prior suicide attempts is admissible on the issue of damages. State v. Rose, 112 N.J. 454, 503, 548 A.2d 1058 (1988). Furthermore, Evid.R. 46 also provides that opinion testimony is admissible where a trait of a person's character is in issue. Opinion testimony can be both lay and expert *437 testimony. Biunno, Current N.J. Rules of Evidence, Comment 2 to Evid.R. 46. So, Dr. Flicker's opinion regarding Anna Gerstenberg's mental status is admissible on the issue of damages.
While evidence of suicide attempts prior to this accident is admissible on the issue of damages, such evidence is not admissible as proof that Anna Gerstenberg was attempting to commit suicide as the car driven by John Reynolds approached her. When evidence of a person's character is offered for the purpose of drawing inferences as to the conduct of that person, Evid.R. 47 is the governing rule. It specifically prohibits the admission of specific instances of a persons conduct for the purpose of drawing inferences as to the conduct of a person on a specified occasion. However, it does permit testimony in the form of opinion to be admitted for the purpose of drawing an inference as to a person's conduct on a specified occasion. Both lay or expert opinion may be admitted. Biunno, Current N.J. Rules of Evidence, Comment 4 to Evid.R. 47. So, Dr. Flicker's opinion as to the mental status of Anna Gerstenberg is admissible on the issue of whether she was attempting suicide as the defendant's car approached her. And, so is Robert Gerstenberg's comment to Sgt. Miller that "he was not surprised" by his wife's death, because as this court views that comment it can be inferred that it was Robert Gerstenberg's opinion that Anna Gerstenberg had intended to commit suicide.
Evidence Rule 4 provides that evidence, otherwise admissible, may nevertheless be excluded if its probative value is substantially outweighed by the prejudice it may engender by its admission. The evidence that Anna Gerstenberg had attempted suicide prior to her death on October 21, 1988 is so highly probative as to her ability to have contributed to her dependents that it is not outweighed by its prejudice. See Wimberly v. Paterson, supra. The opinion testimony otherwise admissible under Evid.R. 47, should not be excluded because of its high probative value. There are several reasons *438 why that testimony is highly probative. First, intentional conduct, such as an attempt to commit suicide by placing oneself in front of a moving car is probative on the issue of comparative negligence, a defense which the defendant raised in this case. Blazovic v. Andrich, 124 N.J. 90, 590 A.2d 222 (1991). Second, such opinion testimony is highly probative because it explains why Anna Gerstenberg was in the middle of a lane of a four lane divided highway in the middle of the night wearing dark clothing. See Kreis v. Owens, 38 N.J. Super. 148, 152, 118 A.2d 420 (App.Div. 1955); Guzzi v. Clarke, 252 N.J. Super. 361, 599 A.2d 956 (Law Div. 1991). This court therefore holds that the probative value of Dr. Flicker and Sgt. Miller's testimony was not outweighed by any potential prejudice and was properly admitted.
Accordingly, the plaintiff's motion for a new trial is denied.