645 P.2d 317

STATE of Idaho, Plaintiff-Respondent,

v.

Wallace Sidney STORMOEN,
Defendant-Appellant.

No. 13494.

Supreme Court of Idaho.

May 3, 1982.

Byron J. Johnson, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., John Sutton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

I.

Defendant-appellant Wallace Stormoen shot and killed his wife in a saloon in Idaho City on April 18, 1979. Stormoen subsequently pled guilty to a reduced charge of Second Degree Murder. At the sentencing hearing the court stated:

"[I]t is the judgment of this Court that this defendant is guilty of having committed the crime of *Burglary* in the Second Degree as alleged in the Amended Information on file herein. And that he should be sentenced to the Idaho State Correctional Institution under the indeterminate sentence law of the State of Idaho for a term of not to exceed life." (Emphasis added.)

The prosecutor called this obvious slip of the tongue to the attention of the court, and the court corrected it: "I meant Murder in the Second Degree. That sentence is Second Degree Murder for a term

of life imprisonment." The written order of commitment to the Board of Corrections correctly stated the crime for which sentence was imposed. Nonetheless, Stormoen argues that his sentence was ambiguous and that we should, therefore, reverse and remand for resentencing. Similarly, the reference to the Idaho State Correctional Institution is said to create an ambiguity requiring our interference. We disagree with both contentions. The reference to burglary was nothing more than a slip of the tongue and was quickly corrected. While it is true that our indeterminate sentencing law, I.C. § 19–2513, provides that defendants are to be sentenced to the "state board of correction," we deem it clear that this was the purpose and intent of the trial court, and that no one was misled as to where defendant would be transported to serve his penal time.

Stormoen's argument suggests that some doubt was created as to whether he was sentenced to a determinate life term or an indeterminate term of not to exceed life. The trial court spent quite some time prior to imposing sentence reviewing the effect an indeterminate sentence would have, and it is clear from the transcript that the court at all times intended to, and did, impose an indeterminate life sentence. The written commitment order so reflects, and his fears, largely self-created, are groundless.

Clearly there is no ambiguity between the sentence orally imposed *as immediately corrected at the time of oral sentencing*, and the written judgment of conviction entered pursuant to I.C.R. 33(b). *See State v. Phillips*, 99 Idaho 354, 581 P.2d 1173 (1978) (citing former Rule 32 which corresponded with a federal criminal rule of the same number but became rewritten as Rule 33).

If it be the law that a clerical error in typing a written judgment can be corrected by the trial court at any time, I.C.R. Rule 36, *see United States v. Stevens*, 548 F.2d 1360 (9th Cir. 1977), certainly a trial court

not only can, but should, make an immediate correction of an obvious misuse of one word for the word actually intended.

## II.

Stormoen also contends that an indeterminate life sentence is unduly harsh under the circumstances, and invites our attention to one of the objectives of sentence review which we set forth in *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978):

"(i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest."

*See* ABA Standards Relating to Appellate Review of Sentences at 7–8 (Approved Draft 1968).

I.C. § 18–4004 provides in part that "[e]very person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." Under I.C. § 19–2513A, any sentence for a felony may be for "a fixed period of time of . . . not more than the maximum provided by law for said felony." Thus, an indeterminate life sentence is within the statutory limits imposed for the crime committed and is not on its face excessive. However, as Stormoen urges, the objectives set by this Court suggest that a sentence not excessive on its face may be shown to be excessive when applied to the facts of a particular case.[1] The relevant facts in this case are:

(a) The nature of the offense. In this case the murder was extremely heinous. Stormoen shot his wife three times, the last two shots being fired as she was trying to crawl away to a place of safety. A human life was needlessly taken and restitution for such an offense is impossible.

(b) The character of the offender. Stormoen had an exemplary service record, including several medals earned in combat in

---

1. When a sentence imposed is "within the statutory limits, [the] appellant has the burden of showing a clear abuse of discretion on the part of the [sentencing] court." *State v. Seifart*, 100 Idaho 321, 322, 597 P.2d 44, 45 (1979).

Vietnam. He was a loving and thoughtful father. He had no prior arrests or convictions for serious offenses. He did have a drinking problem, which he had controlled for a number of years but which had resurfaced prior to the incident in question. He was heavily intoxicated when the shooting took place. It is evident after a review of the entire record that Stormoen's character is essentially good and that the incident in this case was not characteristic of his normal behavior. We conclude, however, that this is not sufficient to outweigh the gravity of the crime or show an abuse of the sentencing court's discretion.

(c) The protection of the public interest. There is no indication in the record that Stormoen would have a tendency to commit similar crimes in the future. However, the public interest lies not only in being safe from future crimes, but to some extent in seeing that punishment is imposed for crimes committed. *See State v. West,* 102 Idaho 562, 566–567, 633 P.2d 1140, 1144–45 (1980) (Bistline, J., dissenting); *State v. Wolfe, supra.* The public interest in retribution is certainly furthered by the sentence imposed.

As defense counsel has eloquently pointed out, the crime for which Stormoen was sentenced resulted from an unfortunate combination of alcohol, jealousy and frustrated human emotions—a combination which proved to be lethal for Susan Stormoen. Wallace Stormoen's problem was not that he loved his wife too little, but rather that he loved her too much. The tragic consequences of this bond are not without ironic overtones. Unfortunately, those consequences cannot be reversed or corrected.

After a thorough review of the record, and particularly in view of the violent crime committed, we conclude that the district court did not abuse its discretion in sentencing Wallace Stormoen to the custody of the State Board of Correction for an indeterminate term of not to exceed life imprisonment.

Sentence affirmed.

BAKES, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, J., concurs in the result.