661 P.2d 767

The STATE of Idaho, Plaintiff-Respondent,

v.

Raymond Thomas PETTIT, Defendant-Appellant.

No. 14369.

Court of Appeals of Idaho.

April 5, 1983.

---

Barry E. Watson, Wallace, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stephen J. Gledhill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Raymond Thomas Pettit killed his wife. Upon a plea of guilty to second degree murder, he was sentenced to an indeterminate term, not exceeding twenty years, in custody of the Board of Correction. He later moved, unsuccessfully, to reduce the sentence. The issue raised on appeal is whether the sentence, as imposed, was excessive. We hold that it was not.

Our standard of appellate review is set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. For the purpose of appellate review, we deem the date of first parole eligibility to be the benchmark for measuring the term of confinement imposed by an indeterminate sentence.

In the present case, the indeterminate twenty-year sentence was well within the maximum penalty authorized by statute for second degree murder. I.C. § 18–4004. Pettit will become eligible for parole consideration when he has served five years of this sentence. *See* I.C. § 20–223. Thus, the question is whether confinement for this period of time would be excessive, in light of the particular facts presented here.

The record discloses that Pettit was raised in a troubled family. He suffered abuse from a stepparent. At the age of seventeen, he entered the Marine Corps. He served eleven years, including a tour of duty in Vietnam, before receiving an honorable discharge. Upon returning to civilian life, he worked at various occupations in several western states. While in Montana, he met the woman who was later to become his victim. They were married and took up residence in the Silver Valley of Idaho. After less than a year of married life, domestic difficulties arose. Pettit became distraught as the marriage deteriorated. On one occasion, during a heated argument, he slapped his wife and damaged numerous household furnishings. A few days later, while intoxicated, he shot her in the head. He then called the police and reported the crime himself. Investigators found no sign of a struggle at the scene.

Pettit was examined by two psychiatrists and a psychologist. The examiners' consensus was that Pettit did not display any mental disease or defect precluding responsibility, but that he exhibited a profile of alcohol abuse and a dependent, passive-ag-

gressive personality. It was also suggested, though not unanimously, that Pettit might be suffering from a post-traumatic stress disorder related to his service in Vietnam. The presentence investigator noted that Pettit had exhibited remorse for the crime, and that there was no prior record of violent offenses. The investigator stated that Pettit was unlikely to repeat such a crime, and that he would become a productive member of society in the future.

At the sentencing hearing, the state recommended imprisonment of unspecified duration. Pettit's counsel, who had done a commendable job of marshalling evidence in mitigation for his client, urged an indeterminate sentence of ten years. After reviewing the facts, the district judge in open court observed:

> [T]his case does require a period of time in custody. The period of time as an indeterminate sentence I think should be somewhat lengthy. I feel that's necessary for the general protection of the public as well as the deterrent effect that such a sentence might have.

An indeterminate sentence of twenty years was imposed.

On its face, this sentence indicates that the district judge took full account of the mitigating evidence presented by the defense. In fact, the sentence might well be characterized as merciful or lenient. In other recently reported cases, with different fact patterns, indeterminate *life* sentences have been imposed for second degree murder, and have been sustained on appeal. *See, e.g., State v. Wilde,* 104 Idaho 461, 660 P.2d 73 (Ct.App.1983); *State v. Stormoen,* 103 Idaho 83, 645 P.2d 317 (1982). Conversely, where compelling evidence in mitigation has been presented, a sentence closely approximating the one before us has been affirmed. *See State v. Fuchs,* 100 Idaho 341, 597 P.2d 227 (1979) (holding that an eighteen-year indeterminate sentence for second degree murder was not excessive).

 As indicated by the presentence investigator, Pettit is unlikely to repeat the crime of violence committed here. Conse-

quently, the duration of his sentence does not turn upon a perceived need to protect society from his conduct—the paramount criterion articulated in *Toohill.* However, the related goals of retribution, deterrence and rehabilitation must be examined. Pettit's crime appears to have been a tragic and senseless act. The public has a legitimate interest in retribution for such a crime. *State v. Stormeon, supra.* Moreover, the public interest demands that our criminal justice system convey a clear message, through the sentencing process, that the use of deadly force in domestic strife—or in other emotional conflicts—is condemned by society and will be firmly punished. General deterrence, by itself, has been held a sufficient reason for imposing a prison sentence. *E.g., State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). Finally, we believe Pettit's rehabilitation potential was adequately considered by the district judge when he imposed an indeterminate sentence of limited duration.

The goal of rehabilitation was again put at issue by Pettit's unsuccessful motion for reduction of sentence. This motion was based, in part, upon an alleged insufficiency of rehabilitation programs conducted by the Board of Correction at the Idaho State Penitentiary. We recognize that in some cases, where genuine rehabilitation opportunities exist, lengthy confinement without any remedial programs can be counterproductive. It may actually diminish a prisoner's ability or motivation to conform his conduct to the law when he is eventually released. In this case, alcohol played a part in Pettit's crime; and alcohol counseling or treatment plainly would be appropriate for him. His claim of a post-traumatic stress disorder also may merit further clinical evaluation. However, the district judge expressed the view that appropriate programs were, or would be, available to Pettit. Upon the record submitted in support of the motion for reduction of sentence, we cannot say that the judge's view was erroneous. Consequently, the judge's denial of Pettit's motion for reduction of sentence will not be disturbed.

Concerning the sentence itself, we believe the facts reasonably may be viewed to support a term of confinement for not less than five years. Such limited confinement would not, in our view, exceed the minimum period necessary to serve society's interests in retribution and deterrence, nor to serve the interest shared by society and Pettit in effective rehabilitation. Accordingly, we conclude that the twenty-year indeterminate sentence was not excessive.

The sentence, and the order denying a motion to reduce the sentence, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.