667 P.2d 269

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lawrence James JENKINS,
Defendant-Appellant.**

No. 14834.

Court of Appeals of Idaho.

July 26, 1983.

Kathleen R. Epeldi, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

Lawrence Jenkins killed a man outside a tavern in Twin Falls. The county prosecutor charged him with first degree murder, and a jury found him guilty of second degree murder. He was sentenced to the custody of the Board of Correction for an indeterminate period not exceeding twenty-five years. On appeal he has asserted that the sentence was excessive; but we affirm.

As a preliminary matter, we note that the district judge gave no reason, on the record, for this particular sentence. In *State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct. App.1982), we held that reasons for a felony sentence must be stated of record. However, our ruling was prospective, applying to future cases and to those pending cases in which failure to state reasons for a sentence had been specified as an issue. Here the sentence was imposed before we announced our decision in *Tisdale,* and the district court's failure to state any reason for the sentence has not been specified as an issue. Consequently, this case does not fall within the reach of *Tisdale.*

We now turn to the merits of Jenkins' appeal. Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). In this case, one-third of the sentence would be eight years and four months. This measure of confinement is not a prediction of whether, or when, parole actually might occur. Rather, it is a general approximation of confinement intended solely to facilitate the necessarily imprecise task of reviewing an indeterminate sentence on appeal. *See State v. Nield,* 105 Idaho 153, 666 P.2d 1164 (Ct.App.1983).

Idaho Code § 20–223, which applies to homicides and certain other enumerated

crimes, provides that an inmate shall not be eligible for parole before he has served five years (ten years in the case of a life sentence), or one-third of the sentence, whichever is less. Recently, in another second degree murder case, we affirmed a twenty-year indeterminate sentence and we used the five-year period under § 20–223, rather than one-third of the sentence, to measure the term of confinement. *See State v. Pettit,* 104 Idaho 601, 661 P.2d 767 (Ct.App. 1983). However, the instant case has afforded us an opportunity to reconsider our approach to § 20–223 cases. When we announced the one-third measure of confinement in *Toohill,* we observed that the appellant there would be eligible for parole consideration "at some time within the first one-third" of his sentence. 103 Idaho at 569, 650 P.2d at 711. *Toohill* involved a burglary and was not governed by I.C. § 20–223. But the observation made in *Toohill* would also be applicable to any § 20–223 case where the statutory minimum period is less than one-third of the sentence. The appellant in such a case is eligible for parole consideration "at some time within the first one-third" of the sentence, albeit not until the statutory minimum period has elapsed. Therefore, § 20–223 is not necessarily inconsistent with the one-third measure of confinement adopted in *Toohill.*

Moreover, the one-third measure enables us to recognize, in some degree, the differences among indeterminate sentences of varying lengths. If we were to measure confinement solely by the minimum period prescribed by § 20–223, we would be constrained to view as equal all indeterminate sentences in cases where one-third exceeds the statutory minimum. We believe differences in the lengths of indeterminate sentences are relevant to appellate review, and should not be wholly disregarded.

■ Accordingly, for the purpose of appellate review, we will apply the one-third measure of confinement, rather than a lesser statutory minimum, to an indeterminate sentence in a § 20–223 case. In this respect, the methodology of sentence review

set forth in *Pettit* is hereby modified. We note, parenthetically, that the facts in *Pettit,* which need not be restated here, would have dictated affirmance of the sentence there reviewed even if the one-third measure of confinement had been applied.

■ In the present case, the facts also compel us to affirm. The record discloses a senseless killing. Testimony at trial tended to show that Jenkins had gone to the tavern, carrying two guns and looking for a confrontation with someone other than the victim. That confrontation did not materialize, but Jenkins became irritated about remarks made by another bar patron. Jenkins put a gun to the man's neck and, a few moments later, pulled the trigger. Jenkins later testified that he could recall certain events before and after the shooting, but not the shooting itself. He claimed that he may have been drugged by substances placed in his drink; but the claim was non-specific and no direct evidence was presented to support it.

The presentence investigation revealed that Jenkins, a man forty-five years of age when the report was prepared, had a history of unemployment and alcohol abuse. His record included more than two decades of alcohol and firearm-related offenses. The instant case was the first reported occasion when alcohol and firearms had combined with a violent result. Jenkins expressed contrition for the killing, and the district judge may have taken this into account when imposing an indeterminate, rather than a fixed, sentence.

Second degree murder is punishable by imprisonment up to life. I.C. § 18–4004. In *Toohill* we held that a sentence within statutory limits would not be deemed excessive unless, upon any reasonable view of the facts, it exceeds the period of confinement necessary to protect society and to accomplish any of the related goals of retribution, deterrence and rehabilitation. We believe the facts before us support confinement for a period of at least eight years and four months, which comprise one-third of the sentence. The circumstances of the crime portray Jenkins as a man whose conduct

has gravely threatened the safety of people around him. Society is entitled to protection from this danger. Moreover, the public has a legitimate interest in retribution for the senseless taking of human life. *State v. Pettit, supra; State v. Stormoen,* 103 Idaho 83, 645 P.2d 317 (1982). The sentence imposed here is also consistent with society's need to deter such crimes. As we noted in *Pettit,* "the public interest demands that our criminal justice system convey a clear message, through the sentencing process, that the use of deadly force ... is condemned by society and will be firmly punished." 104 Idaho at 603, 661 P.2d at 769.

The sentence imposed by the district court is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.