707 P.2d 480

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joseph Grescham PLUMLEY, Defendant-Appellant.**

**No. 15563.**

Court of Appeals of Idaho.

Sept. 27, 1985.

Gregory A. Jones, Priest River, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Joseph Plumley fatally shot his wife and his father-in-law during a family argument. As a result of plea negotiations, he subsequently pled guilty to the first degree murder of the father-in-law and to voluntary manslaughter of his wife. The district court sentenced him to an indeterminate term of fifteen years for the manslaughter and to a consecutive indeterminate life term for the first degree murder. The only issue on appeal is whether these sentences were excessive and represent an abuse of discretion by the district court. We affirm the sentences.

■ Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown.[1] *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). If, in light of the facts, the sentence is not unreasonable, we then consider whether the period of confinement under the sentence is reasonable. As we explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

---

1. Both sentences received by Plumley were within the maximums allowed for each of the crimes. I.C. § 18–4007 (voluntary manslaughter—$15,000 fine and fifteen years imprisonment); I.C. § 18–4004 (first degree murder—death penalty).

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

■ Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measurement of confinement for the purpose of appellate review. *State v. Toohill, supra.* Idaho Code § 20–223, which would govern Plumley's parole, is not a "contrary" statute in the sense denoted by *Toohill. See State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct.App.1983). Moreover, in the case of an indeterminate life sentence, ten years is deemed for appellate review to be the duration of confinement. *State v. Wilde,* 104 Idaho 461, 660 P.2d 73 (Ct.App.1983). The question, then, is whether five years (one-third of fifteen years) plus ten years, for a total of fifteen years, constitutes an unreasonable period of confinement for the two crimes.

■ When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). Here, as noted, the victims were Plumley's wife and his father-in-law. Plumley and his wife were in the process of getting a divorce. She was living with her parents. Plumley, armed with a rifle, went to the house where his wife was staying. After an argument with her, during which Plumley fired shots, the father-in-law, also armed with a rifle, came out of the house. A gunfight ensued and Plumley's wife and father-in-law were killed. Evidence offered at the sentencing indicated that both victims were wounded but alive until Plumley administered fatal shots to their heads. After the killings Plumley fled and later surrendered to authorities.[2]

Concerning Plumley's character, the presentence report noted a lack of any previous felony convictions. The report showed that Plumley had three previous misdemeanor convictions associated with the consumption of alcohol. There was some evidence of fighting between Plumley and his wife prior to the killing. However, letters from Plumley's family indicated he ordinarily was kind and gentle. At best, evidence as to Plumley's character was conflicting.

The district court considered as mitigating factors the age of Plumley, twenty-five, and his lack of prior felonies. The court also noted that the killings were not committed during the perpetration of a separate felony offense. However, the court indicated that the sentences he was about to pronounce were necessary to protect the public and serve as a deterrent. The court stated that "a lesser sentence would depreciate the seriousness of [each] crime."

■ The district court heard detailed testimony from Ralph Pierce, Executive Secretary of the Idaho Commission of Pardons and Parole, on how the Commission administers the parole system. The district court questioned Pierce about parole opportunities for Plumley, assuming certain sentences. Based on the information given by Mr. Pierce, the district court determined that Plumley would serve at least fifteen years confinement if he received an indeterminate fifteen year sentence for manslaughter and a consecutive indeterminate life sentence for first degree homicide.

2. Plumley initially was charged with two counts of first degree murder. However, through plea bargaining, as noted above, one charge was reduced to voluntary manslaughter.

The district judge thus structured the sentences so that Plumley should serve a minimum of fifteen years before being subject to parole. We agree that a period of confinement for at least fifteen years for the two crimes is not unreasonable under the facts of this case and applying the criteria in *Toohill*.

 Finally, Plumley argues that the district judge abused his discretion in pronouncing sentence by failing to give Plumley credit under I.C. § 18–309 for eight months incarceration prior to entry of judgment. While we do not characterize the failure to give such credit when it is due as an "abuse of discretion," we do agree that, according to the record, there is an apparent failure to give the defendant any such credit. We have been given no reason to believe that the omission of credit was anything more than an oversight which can be corrected on remand. Therefore, we direct the district court to consider Plumley's assertion of entitlement to credit for time spent in jail between August 19, 1983 and April 23, 1984. If the court finds that Plumley is entitled to receive credit, an order should be entered directing the Board of Correction to allow the credit against Plumley's fifteen year sentence for manslaughter. *See Law v. Rasmussen*, 104 Idaho 455, 660 P.2d 67 (1983).

In summary, we find no abuse of discretion. The sentences are affirmed.