725 P.2d 184

STATE of Idaho, Plaintiff-Respondent,

v.

David M. BOURGEOIS, Defendant-Appellant.

No. 16124.

Court of Appeals of Idaho.

Aug. 22, 1986.

Joseph I. Mein, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

While burglarizing a convenience store, David M. Bourgeois encountered and shot a night watchman, causing serious injury. Following his arrest, Bourgeois pled guilty to first degree burglary and to attempted second degree murder. The district court imposed an indeterminate eight-year sentence for the burglary and a concurrent, indeterminate sentence of fifteen years for the attempted second degree murder. The sole issue on appeal is whether the latter sentence was unduly harsh and, therefore, represented an abuse of sentencing discretion.

■ Bourgeois could have received a fixed sentence up to fifteen years for attempted second degree murder. I.C. § 18–4004, 18–306(1). However, the court chose to make the sentence indeterminate, allowing Bourgeois to become eligible for parole. For the purpose of appellate review, one-third of an indeterminate sentence is treated as the measure of confinement unless the record or a statute indicates the contrary. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982); *see also State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct. App.1983). There is no contrary indication here. Consequently, we deem the duration of confinement to be five years.

■ If a sentence is within the statutory maximum, it will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness is elaborated in *Toohill:*

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

103 Idaho at 568, 650 P.2d at 710. Thus, the question here is whether confinement for at least five years is reasonable in light of the sentencing criteria.

When applying these criteria to a particular case, we conduct an independent examination of the record. We focus on the nature of the offense and on the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case, the trial judge noted, when pronouncing sentence, that the crime came perilously close to becoming a felony murder. Bourgeois wounded the night watchman four times with a .22 caliber pistol. Bourgeois claimed that he had been drinking and that he acted out of panic after the victim, who was armed with a shotgun, fired it at a vehicle driven by an accomplice in the burglary. However, there was evidence that the victim's final wound was inflicted from close range while he was disabled and lying on his stomach. The victim received a prolonged period of intensive care before recovering.

As to Bourgeois' character, the presentence investigation revealed several non-violent prior offenses, including a third degree theft conviction in Spokane during 1984. Most of the offenses were drug or alcohol related. The presentence report also contained a police interview with Bourgeois' accomplice. This interview disclosed that Bourgeois generally associated with persons who were involved with drugs and who engaged in thefts to pay for them. On the other hand, the court noted that Bourgeois' pretrial incarceration, away from drugs and alcohol, seemed to improve his outlook. The court also remarked that Bourgeois seemed genuinely remorseful about the shooting.

The district judge gave explicit consideration to the sentencing criteria mentioned earlier. He concluded that a substantial period of incarceration, for an indeterminate rather than fixed term, would best serve these objectives. In so concluding, he undertook to protect society and to balance the need for punishment or deterrence against the hope that at least five years of confinement would induce a relatively young man to turn his life around. We conclude that the fifteen-year indeterminate sentence was not, upon any reasonable view of the facts, excessive. An even stricter sentence might well have been imposed. The judge did not abuse his discretion. Accordingly, the sentence for attempted second degree murder is affirmed.