735 P.2d 1065

STATE of Idaho, Plaintiff-Respondent,

v.

**Padraic BRUNTON, Defendant-Appellant.**

No. 16375.

Court of Appeals of Idaho.

March 20, 1987.

Alan E. Trimming, Ada County Public Defender; August H. Cahill, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Warren Felton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The appellant, Padraic Brunton, and several other persons engaged in a fight in the parking lot of a tavern in Meridian, Idaho. During the melee Brunton and a companion jumped into Brunton's vehicle and drove away. In so doing, Brunton ran over Ed McWhorter, who apparently had been knocked to the ground, unconscious, in the altercation. McWhorter died and Brunton was charged with first degree murder. Brunton subsequently pled guilty to an amended information charging him with voluntary manslaughter. He received an indeterminate sentence of ten years. The sole issue on appeal is whether Brunton's sentence was unreasonable and, therefore, was an abuse of sentencing discretion. We affirm.

Brunton could have received a fixed sentence of up to fifteen years and a fine of $15,000 for voluntary manslaughter. I.C. § 18–4007(1). However, the court chose to make the sentence indeterminate, allowing Brunton to become eligible for parole. For the purpose of appellate review, one-third of an indeterminate sentence is treated as the measure of confinement unless the record or a statute indicates the contrary. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982); *see also State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct.App.1983). There is no contrary indication here. Consequently, we deem the duration of confinement to be three and one-third years, or forty months.

If a sentence is within the statutory maximum, it will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness is elaborated in *Toohill:*

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

103 Idaho at 568, 650 P.2d at 710. Thus, the question here is whether confinement for at least forty months is reasonable in light of the sentencing criteria.

When applying these criteria to a particular case, we conduct an independent examination of the record. We focus on the nature of the offense and on the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

In this case, Brunton pled guilty to causing McWhorter's death in the course of a sudden quarrel, but without malice or premeditation. I.C. § 18–4006(1). According to witnesses who testified at Brunton's sentencing, the following events occurred. Brunton engaged in an argument with two men over the use of a pool table. Later, when the pair left the bar, Brunton followed and a fight ensued between those three individuals. Another altercation broke out between McWhorter and a fellow who had accompanied Brunton to the tavern. McWhorter was knocked unconscious. Brunton and his companion then jumped into Brunton's van. With Brunton driving, the van ran over McWhorter and left the scene. After hearing testimony regarding the incident, the district judge characterized the occurrence as "a senseless tragedy." Addressing Brunton, the court opined that "this event would not have occurred

had you not been under, deeply under the influence of alcohol." [1]

In respect to Brunton's character, the presentence investigation revealed prior convictions for a misdemeanor assault and for several traffic violations, including driving while under the influence. Brunton acknowledged that he has a "problem with alcohol and dealing with it." He asserted a desire to obtain alcohol counseling. Brunton also expressed remorse for the victim and the victim's family.

Following three days of testimony presented to assist the court in arriving at the sentence to be imposed, the court concluded that an indeterminate ten-year term would be appropriate. The court considered the seriousness of the offense, the risk of reoccurrence attendant to probation, the interests of the public, and the "higher assurance" of rehabilitation through a period of incarceration in the penitentiary. We believe the court adequately considered all sentencing objectives. The sentence imposed will protect society and balance the need for punishment and deterrence against the hope that at least forty months of confinement would induce Brunton to change his life-style. We conclude that under a reasonable view of the facts, the ten-year indeterminate sentence was not excessive. An even stricter sentence might well have been pronounced. The judge did not abuse his discretion. Accordingly, the sentence is affirmed.

---

**1.** An analysis of Brunton's blood-alcohol content, conducted shortly after the incident at the tavern, tested at over .20 percent.