741 P.2d 377
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Conrad CLINE, Defendant-Appellant.**

No. 16570.

Court of Appeals of Idaho.

July 31, 1987.

Ada County Public Defender by Lansing L. Haynes, Deputy, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Following plea negotiations, Conrad Cline pled guilty to second degree burglary and to a separate, unrelated charge of petit theft. He received a two-year indeterminate prison sentence for the burglary and a one-year county jail term for the theft. The sentences are concurrent. Cline appeals, contending that the district court should have either placed him on probation or commuted his two-year prison sentence to a shorter county jail term. The sole issue is whether the district court abused its sentencing discretion. We affirm.

■ Under our standard of review a sentence within the statutory maximum will not be disturbed unless an abuse of discretion is shown. Likewise, a decision not to grant probation or to commute a sentence will be upheld absent an abuse of discretion. *State v. Chapel,* 107 Idaho 193, 687 P.2d 583 (Ct.App.1984); I.C. § 19–2601. Abuse of discretion is demonstrated if a sentence is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The familiar test of reasonableness is found in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Here, the two-year indeterminate sentence for burglary is well within the statutory five-year maximum. I.C. § 18–1403. For review purposes we treat one-third of an indeterminate sentence as the actual term of confinement, absent a contrary indication in the record. *State v. Toohill, supra.* Therefore, the question is whether a period of confinement of approximately 240 days is reasonable when viewed in light of the nature of the offense and the character of the offender. *E.g., State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Cline committed the burglary by entering a supermarket with the intent to commit theft, which he consummated by removing a case of beer without paying for it. The merchandise was apparently recovered. Previously, in 1980, he was convicted of committing a similar burglary. He has been a regular participant of the criminal

justice system due to his continual involvement in petty thefts. Prior probationary periods were unsuccessful. Cline has an alcohol abuse problem which he has failed to conquer though he has sought treatment numerous times.

At the sentencing hearing, Cline asserted many mitigative factors for the court to consider under I.C. § 19–2521. Cline declares that the court did not consider these factors. On the contrary, the record shows that the sentencing judge took Cline's arguments into account but reached countervailing conclusions. Specifically, the judge indicated the need to protect society from Cline's habitual thefts, the unrealistic expectation that probation would be workable, Cline's inability to maintain employment, and the need to deter Cline from committing more offenses. Based upon this information we conclude that the district court did not abuse its discretion in refusing to grant probation or to commute the sentence. We find that the deemed 240–day term of confinement was reasonable. We note that Cline is now on parole for the present burglary offense; however, the two-year term will not expire until early 1988.

We hold that the district court did not abuse its sentencing discretion. Accordingly, the sentence is affirmed.