798 P.2d 458

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Andrew LANDRETH, Defendant–Appellant.**

No. 18308.

Court of Appeals of Idaho.

Sept. 6, 1990.

**614**

Gregory A. Jones, Kootenai County Public Defender; Timothy H. Gresback, Deputy Public Defender, Coeur d'Alene, for defendant-appellant. Timothy H. Gresback argued.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent. Mr. Kane argued.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction entered upon a plea of guilty by Robert Andrew Landreth to a charge of lewd conduct with a minor. I.C. § 18–1508. Landreth contends that the district court abused its discretion in refusing to grant probation. Landreth further challenges the validity of the criteria employed by the district court in imposing his sentence. For the reasons stated below, we affirm.

The relevant facts are as follows. Landreth turned himself in to the Kootenai County Sheriff's office, confessing that he had molested his eight-year old stepdaughter. As a result, Landreth was charged with one count of lewd conduct with a minor, to which Landreth pled guilty. The pre-sentence report contained Landreth's admissions to having molested three other children—his niece and two other of his stepdaughters—during the eighteen months preceding his arrest. With this in mind, the district court imposed an initial sentence of fifteen years, ordering that Landreth serve a minimum term of seven years' confinement. However, the court retained jurisdiction so Landreth could be evaluated further by the staff at North Idaho Correctional Institute at Cottonwood (NICI) to determine his rehabilitation potential and suitability for probation.

At NICI, Landreth participated in the sexual offenders' program. The NICI committee report was generally favorable to Landreth, noting that Landreth was eager and cooperative, and that Landreth had developed insight into his deviant behavior. However, the report also indicated that Landreth's ability to control his behavior and not to re-offend remained a concern. The psychologist's report found that Landreth had not "worked through" all levels of denial and noted that "at this time a treatment program would not offer the necessary control." Finally, the evaluation concluded that Landreth was a "high risk for re-offense."

The Department of Corrections recommended to the district court that Landreth be granted probation "only if" county jail time with work release and group therapy was imposed "where the concerns of the psychological [evaluation] could be observed and addressed." However, the recommendation contained the further caveat that, "if progress is not made to internalize the information he has gained or other factors do not appear conducive to the necessary curbing of his actions and therapy, then he will need to be considered a high risk for re-offense."

Following the receipt of the Department's report, the district court amended Landreth's sentence, reducing the amount of mandatory confinement from seven years to two years. The court then relinquished jurisdiction.

Landreth contends that the district court erred in refusing to place him on probation. He further challenges the validity of the sentencing criteria employed by the Idaho courts, asserting that retribution is an illegitimate sentencing goal.

We will first consider the district court's decision not to grant probation. Second, we will consider Landreth's challenge to the validity of the sentencing criteria employed.

## I

■■■■ Landreth asserts that the district court erred by refusing to grant probation in light of Landreth's performance at NICI and the recommendation by the Department of Corrections. We note preliminarily that, although a good report indicating rehabilitative potential may result in a suspended sentence and probation, the trial court's alternatives upon receiving a favorable report are not necessarily limited to suspending a sentence and granting probation. *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982). The purpose of the expert evaluation and Department recommendation is to provide the court with insight into the defendant's condition and potential for rehabilitation and suitability for probation. Although the resulting recommendation may have a signifi-

cant bearing on the sentencing court's decision, it is purely advisory and is in no way binding upon the court.

■■■■ The choice of probation, among available sentencing alternatives, is committed to the sound discretion of the trial court and will not be disturbed absent a showing of abuse of that discretion. *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Toohill*, 103 Idaho at 567, 650 P.2d at 709. The exercise of this discretion is guided by I.C. § 19–2521, which prescribes criteria for weighing probation against a sentence of confinement. A decision to deny probation will not be held to represent an abuse of discretion if the decision is consistent with those standards. *Toohill, supra.*

Idaho Code § 19–2521(1) provides, in pertinent part, that the court may order confinement if

having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, [the court] is of the opinion that imprisonment is appropriate for the protection of the public because:

(a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

Here, the district court was aware that Landreth had already molested four children between the ages of eight and fourteen. The evaluating committee further informed the court of Landreth's potential to re-offend. Even the recommendation in favor of probation was qualified by the restriction of Landreth's placement in a county jail, where the concerns of the psychological report could be observed and addressed. Rather than grant immediate probation, the district court chose instead to reduce Landreth's term of mandatory incarceration from seven years to two years. We conclude that, under these facts, the court's refusal to grant probation was consistent with the standards set forth in I.C. § 19–2521, and accordingly we uphold that decision.

## II

We turn next to Landreth's argument that the sentencing criteria articulated in *State v. Toohill,* and employed by the district court in sentencing him to a term of confinement, are improper. Specifically, Landreth asserts that the goal of retribution is in contravention of the public interest and is thus an illegitimate factor for consideration by the sentencing court. We note that Landreth has not asserted error as to the district court's *application* of this criterion to the facts of his case, and accordingly we limit our discussion to the propriety of the standards employed.

In Idaho, our courts have recognized four objectives in criminal punishment: (1) protection of society; (2) deterrence of the individual and the public generally; (3) rehabilitation of the defendant; and (4) punishment or retribution for wrongdoing. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Toohill, supra.* We note, however, that the primary consideration is the good order and protection of society, and all other factors must be subservient to that end. *Toohill, supra,* at 568, 650 P.2d at 710. Landreth maintains that retribution is an improper sentencing goal. He contends that, to the extent a term of confinement is imposed beyond the period necessary to accomplish the first three sentencing goals, the sentence only embitters the defendant, rendering him or her less likely to follow society's rules in the future. Thus, Landreth asserts, retribution benefits neither society, nor the victim, nor the perpetrator of the crime. We are not persuaded.

The public interest lies not only in being safe from future crimes, but to some extent in seeing that punishment is imposed for crimes committed. *State v. Stormoen,* 103 Idaho 83, 85, 645 P.2d 317, 319 (1982). In this way, retribution embodies a vindication of society's interest in condemning criminal conduct. *State v. Martinez,* 109 Idaho 61, 68, 704 P.2d 965, 972 (Ct.App. 1982), *reversed on other grounds,* 111 Idaho 281, 723 P.2d 825, *appeal after remand,* 113 Idaho 535, 746 P.2d 994 (1987). This interest is particularly strong in crimes involving tragic or senseless acts. *State v. Pettit,* 104 Idaho 601, 603, 661 P.2d 767, 769 (Ct.App.1983). In upholding the legitimacy of retribution as a proper objective of the criminal justice system, the United States Supreme Court has explained:

> The instinct for retribution is part of the nature of man, and channelling that instinct in the administration of criminal justice serves an important purpose in promoting the stability of a society governed by law. When people begin to believe that organized society is unwilling or unable to impose upon criminal offenders the punishment they "deserve," then there are sown the seeds of anarchy—of self-help, vigilante justice, and lynch law. [Citation omitted.] Retribution is no longer the dominate objective of the criminal law, [citation omitted] ... but neither is it a forbidden objective nor one inconsistent with our respect for the dignity of men. [Citations omitted.]

*Gregg v. Georgia,* 428 U.S. 153, 183, 96 S.Ct. 2909, 2930, 49 L.Ed.2d 859 (1976).

Although the function of retribution may be unappealing to many, we recognize it as essential to an ordered society that expects its citizens to rely on the legal processes rather than on self-help to vindicate their wrongs. *See Gregg v. Georgia,* 428 U.S. at 183, 96 S.Ct. at 2930. Accordingly, we reaffirm the legitimacy of retribution as an appropriate factor for consideration in determining a sentence to be imposed.

Having reviewed the record below, it appears to us that the district court's primary concern was not with retribution, but with protecting society from the defendant's harmful conduct. In any event, we believe that the evidence before the sentencing judge amply supports the amended sentence imposed.

The judgment of conviction, including the unified sentence of fifteen years with a fixed two-year minimum period of confinement, is affirmed.

SWANSTROM, J., and WINMILL, J., Pro Tem., concur.