828 P.2d 905

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mitchell Lynn WHITE, Defendant–Appellant.**

**No. 19147.**

Court of Appeals of Idaho.

April 1, 1992.

Alan E. Trimming, Ada County Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Mitchell White appeals from the district court's order relinquishing jurisdiction and from the court's separate order denying White's motion for reconsideration of his sentence. We affirm.

White pleaded guilty to an amended information containing one count of assault and one count of possession of a firearm in the commission of a crime. I.C. §§ 18-901(a), –906, 19-2520. He was sentenced to a term of fifteen years, with seven years fixed, in the custody of the Board of Correction, but the court retained jurisdiction for 180 days. The court chose to retain jurisdiction when the defense was unsuccessful in obtaining the psychological evaluation that had been ordered by the court. At the end of the retained jurisdiction period, the district judge rejected probation but, on his own motion, reduced White's sentence to ten years, with a minimum fixed term of two and one-half years, and credit for time served in jail. White first contends that the sentencing judge abused his discretion by relinquishing jurisdiction and denying him probation.

■ A decision not to grant probation will be upheld absent an abuse of discretion. I.C. § 19-2601; *State v. Cline,* 113 Idaho 90, 741 P.2d 377 (Ct.App.1987). In this case, the district judge had clearly indicated that his purpose in retaining jurisdiction was "not with an idea towards really considering [White] for probation, but with an effort to get a full and fair and more complete evaluation." The judge credited White with efforts toward rehabilitation, and he considered the reports from the jurisdictional review committee. However, the judge noted that White had violated probation and parole conditions from a pending Oregon case when this offense was committed. Because of White's multiple prior offenses and the seriousness of

this crime—shooting a 9mm pistol at police officers who were chasing him on foot—the judge was convinced that probation was "never really within my realm of comprehension."

White argues, in light of his performance at the North Idaho Correctional Institute (NICI) and the recommendation of the jurisdictional review committee, that the district court should have ordered probation. White also argues that he had exhausted the rehabilitation available in custody and that he should be allowed to pursue substance abuse counseling outside of the custody setting as a condition of probation.

■ In *State v. Landreth,* 118 Idaho 613, 798 P.2d 458 (Ct.App.1990), we restated that:

[A]lthough a good report indicating rehabilitative potential may result in a suspended sentence and probation, the trial court's alternatives upon receiving a favorable report are not necessarily limited to suspending a sentence and granting probation. *State v. Toohill,* 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982).

*Id.* at 615, 798 P.2d at 460. In passing specifically upon an application for probation, the district court should consider whether the defendant is a first offender, his character and past actions, the likelihood of him abiding by the terms of probation and the interest of society. *State v. Mitchell,* 77 Idaho 115, 289 P.2d 315 (1955). From a review of the record herein, we learn that White had been through the juvenile system for a number of theft and burglary offenses and recurrent substance abuse. At age twenty-one, White already had been incarcerated and had been granted probation, which he failed to comply with in every respect. As a result, he was returned to the penitentiary, then later paroled. The instant offenses are his sixth and seventh felony offenses and were committed while he was on parole. We conclude that the district judge had sufficient information on which to deny probation in White's case. We hold that the judge acted well within the bounds of his discretion in reducing White's original sentence but denying probation.

Within 120 days of the order releasing retained jurisdiction, White filed a motion under I.C.R. 35, which the district judge denied without a hearing. White contends on appeal that the judge abused his discretion by refusing to further reduce the prison sentence.

■ Both the length of a sentence and the decision whether to reduce a sentence rest in the sound discretion of the sentencing court. *State v. Carrasco,* 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), *rev'd on other grounds,* 117 Idaho 295, 787 P.2d 281 (1990). Absent an abuse of discretion, a sentence or a decision to deny reduction will not be disturbed if the sentence imposed is within the maximum period set by statute as punishment for the crime. *Id.* The scope of review of a denial of a Rule 35 plea for leniency involves the application of the same criteria used to determine the reasonableness of the original sentence, focusing on the nature of the offense and the character of the offender. *State v. Smith,* 117 Idaho 657, 791 P.2d 38 (Ct.App.1990).

For purposes of our review, we examine the sentence as modified by the district court following the 180 days of retained jurisdiction. The court imposed a sentence of five years on the aggravated assault charge pursuant to I.C. § 18–906. The court was authorized to impose an enhancement of up to fifteen years for the firearms violation, although White received only a five-year extended term. *See* I.C. § 19–2520. The court decreed that White would have to serve a minimum of two and one-half years before being eligible for parole. We also note that, at the time of the order reducing the original sentence on February 2, 1991, White had been in custody since September 18, 1989. He was given credit for this time served.

■ To determine the reasonableness of a sentence, we must look to the probable length of confinement, which in this case is two and one-half years. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). It is incumbent upon White, therefore, to show that two and one-half years is unreasonable under the facts of the case. *See*

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). This he has failed to do.

The criteria for evaluating rulings on motions to reduce sentences are the same as those applied to the determination of whether an original sentence was unreasonable. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Because we have concluded that White's sentence was not excessive when pronounced, White must show that it is excessive in view of new or additional evidence which accompanied his Rule 35 motion. *Id.*

■ The order denying White's Rule 35 motion was entered June 7, 1991. In appealing this order, White argues that the sentencing court improperly focused on the seriousness of the crime rather than on his efforts at rehabilitation. White submits that he had contacted New Hope to enroll in a substance abuse program and that he had a job waiting upon his release. He reiterated that the sentencing court did not adequately consider the effects of his substance abuse problems and the minimal prospects for counseling and treatment while in custody.

The presentence report on White, which included a psychological evaluation by Dr. Loudermilk of the Department of Health and Welfare, was supplemented by a report from Charles E. Burns, staff psychologist at the Idaho Maximum Security Institution. The psychologists reached the conclusions that White had experienced a difficult childhood and that he suffered from personality problems as well as multiple substance abuse requiring treatment, although this offense was unrelated to substance abuse. Finally, the court was provided with the comments of the jurisdictional review committee which revealed that White had adjusted to NICI and performed well, such that the committee did not reject probation as an option for White.

The district judge believed that "any further reduction would depreciate the seriousness of the crime, [regardless] of defendant's current institutional adjustment, rehabilitation goals, and conditions at the penitentiary." The reasoning of the judge in denying the Rule 35 motion indicates no abuse of discretion. White's good conduct at NICI did not excuse his crime or mandate a lesser sentence. Nor would his conduct necessarily be an accurate indicator of future conduct in a non-custodial setting. *See State v. Sanchez*, 117 Idaho 51, 785 P.2d 176 (Ct.App.1990). We interpret the district court's statement about the seriousness of the crime to be an appropriate emphasis on the sentencing goals of protecting society and providing deterrence, as well as promoting public respect for the law. We uphold the district court's refusal to further reduce White's sentence.

We affirm the order relinquishing jurisdiction and the order denying the defendant's motion for a reduction of his sentence.