# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38701

| | |
|---|---|
| STATE OF IDAHO, | ) 2012 Unpublished Opinion No. 661 |
| | ) |
| Plaintiff-Respondent, | ) Filed: October 5, 2012 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| AMANDA LEANN SKOGEN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and unified sentence of thirteen years, with a minimum period of confinement of four years, for voluntary manslaughter, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

MELANSON, Judge

Amanda Leann Skogen appeals from her judgment of conviction and sentence for voluntary manslaughter. For the reasons set forth below, we affirm.

On October 4, 2010, medics responded to a call from Skogen, who reported a three-year-old child she was babysitting had become limp and nonresponsive. Emergency personnel transported the child to the hospital, where doctors determined that the child suffered from two skull fractures. The child eventually died as a result of these injuries. Police questioned Skogen regarding possible abuse of the child, and Skogen denied any wrongdoing. Officers then questioned family members of the child regarding possible abuse. The following day, Skogen underwent a polygraph examination and failed. She then admitted to pushing the child, causing his head to strike the floor. After the child's death, Skogen was arrested and charged with first degree murder. I.C. §§ 18-4001, 18-4003(d).

1

Skogen pled guilty to voluntary manslaughter.  I.C. § 18-4006(1).  At sentencing, Skogen argued that the goals and objectives of sentencing would be satisfied through a suspended sentence and a term of probation.  The district court sentenced Skogen to a unified term of thirteen years, with a minimum period of confinement of four years.  Skogen appeals.

Skogen argues that the district court erred in considering general deterrence as a factor when imposing her sentence.  This is an argument that was not proffered to the district court, nor raised through any objection at sentencing.  Generally, issues not raised below may not be considered for the first time on appeal.  *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.  This test applies to both trials and criminal proceedings following a guilty plea, including alleged error at sentencing.  *State v. Stocks,* 153 Idaho 171, 174, 280 P.3d 198, 201 (Ct. App. 2012); *see also State v. Longest,* 149 Idaho 782, 783-84, 241 P.3d 955, 956-57 (2010) (applying the fundamental error doctrine to a hearing at the end of a retained jurisdiction period).

Skogen does not allege that consideration of general deterrence violates any of her constitutional rights.  Further, any alleged error is not clear or obvious without reference to additional information not in the appellate record.  Indeed, Skogen's argument, relying heavily on criminal justice articles, demonstrates the overwhelming need to resort to extrinsic information not in the appellate record.  These articles, in effect, are new evidence that would be improper to consider for the first time on appeal.  Consideration of general deterrence did not affect Skogen's substantial rights because the sentence imposed was not solely based on that factor.  The district court found that punishment was a significant factor at sentencing as well.  Indeed, retribution serves an important purpose in this case, as it "embodies a vindication of

society's interest in condemning criminal conduct." *State v. Landreth,* 118 Idaho 613, 616, 798 P.2d 458, 461 (Ct. App. 1990). As this Court in *Landreth* noted, retribution "is particularly strong in crimes involving tragic or senseless acts." *Id.* Further, even if general deterrence were the only factor considered, the sentence would still be upheld under our prior precedent, which has recognized one factor alone may be sufficient. *See e.g., State v. Waddell,* 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct. App. 1991) (stating that a sentence need not serve all sentencing goals and, in some cases, one may be sufficient). Thus, Skogen's argument that the district court erred by considering general deterrence as a factor when imposing her sentence will not be considered because it fails to meet the fundamental error test.[1] *See Perry,* 150 Idaho at 226, 245 P.3d at 978.

We next address Skogen's challenge to the appropriateness of her sentence. Skogen argues that, at sentencing, the district court failed to adequately consider a packet of cases she submitted showing sentences ordered in other cases, failed to address all possible mitigating factors, and violated separation of power principles in considering Skogen's position of trust as a babysitter to be an aggravating factor.

The district court considered a number of mitigating circumstances in sentencing Skogen, including her lack of a criminal record, the support of family and friends, and the stress in Skogen's life at that time. The district court focused on general deterrence and retribution. Regarding protection of society, the district court noted that Skogen was unlikely to commit a similar act in the future, but did not expressly find that protection of society was completely absent.[2] Lastly, the district court noted that "there's certainly an aggravating factor here in that, Ms. Skogen, you were a baby-sitter of [the child]. You were in a position of trust, and you abused that trust."

---

[1] Even if we were to consider Skogen's argument, her concept of general deterrence is fundamentally flawed in assuming individuals contemplate specific sentences from specific cases before they act. The power of general deterrence is derived from knowing that certain acts will carry with them certain consequences--namely, prosecution by the state and punishment, not simply the amount of punishment.

[2] Indeed, it is plain from the record that the district court did not view Skogen as a nonculpable defendant, as the district court indicated she very well may have been minimizing her actions.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Idaho does not engage in comparative sentencing in determining what a reasonable term of imprisonment is. *State v. Pederson,* 124 Idaho 179, 183, 857 P.2d 658, 662 (Ct. App. 1993). Further, Idaho's sentencing scheme does not require the district court to make findings of fact under I.C. § 19-2521. *State v. Stevens,* 146 Idaho 139, 149, 191 P.3d 217, 227 (2008); *see also State v. Thomas*, 133 Idaho 682, 688, 991 P.2d 870, 876 (Ct. App. 1999) (court is not required to recite the sentencing guidelines of I.C. § 19-2521 during sentencing, nor even required to give reasons for imposing the sentence).

A review of the record establishes that the district court was within its discretion in imposing a unified term of thirteen years, with a minimum period of confinement of four years. With regard to the packet of cases submitted by Skogen, the district court properly declined to engage in comparative sentencing. *See Pederson,* 124 Idaho at 183, 857 P.2d at 662.[3] It is of no import that the district court did not expressly articulate each and every factor under I.C. § 19-2521(1) or I.C. § 19-2523. *See Stevens,* 146 Idaho at 149, 191 P.3d at 227; *Thomas,* 133 Idaho at

---

[3] To the extent Skogen argues on appeal that this packet demonstrates the ineffectiveness of general deterrence, we note that this was not the purpose they were offered for below. At sentencing, this packet was offered for what amounted to a request for comparative sentencing.

688, 991 P.2d at 876.  Last, considering the position of trust a babysitter holds as an aggravating factor in sentencing raises no separation of power issues.

Skogen's argument that the district court erred by considering general deterrence as a factor when imposing her sentence fails to meet the fundamental error test.  Also, the district court did not abuse its discretion in imposing a unified term of thirteen years, with a minimum period of confinement of four years.  Therefore, Skogen's judgment of conviction and sentence for voluntary manslaughter are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**